[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#130) ANDMOTION TO DISMISS (#131)
This is a personal injury action wherein the plaintiff, Sherin Stahl ("Stahl") alleges that she was injured when she tripped and fell on a cracked and broken sidewalk. Stahl initially sued defendant Allen Hadelman ("Hadelman") by a complaint with a return date of April 28, 1998. Thereafter, Stahl obtained permission to cite in Chad Enterprises, LLC ("Chad Enterprises") as an additional defendant. The action against Chad Enterprises was commenced by the service of an Amended Complaint made returnable to court on September 15, 1998. By an Apportionment Complaint dated May 27, 1999, Hadelman and Chad Enterprises sought to apportion responsibility for the sup and fall accident to apportionment defendants, Evelyne DeLori, James and Kay Long, and John Riley. Evelyn DeLori and James and Kay Long have moved to dismiss the apportionment complaint as to them asserting that it was not filed within the time limits prescribed by General Statutes § 52-102b and therefore the court lacks subject matter jurisdiction.
Section 52-102b (a), as it applies here, provides:
 A defendant in any civil action to which section 52-572h[1] applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiffs damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint . . . shall be served within one hundred twenty days of the return date specified in the plaintiffs original complaint.
(Emphasis added.)
CT Page 13024 Evelyne DeLori and James and Kay Long (hereinafter collectively referred to as the "apportionment defendants") argue that the May 27, 1999 apportionment complaint was served over one year after the April 28, 1998 return date on the original complaint in violation of 120 day time period set forth in §52-102b(a).
Before deciding the motions to dismiss, the court must initially resolve two preliminary issues. First, what is the date of the "original complaint" as to Hadelman and Chad Enterprises? Second, what is the effect of the court's granting and later vacating the motion for summary judgment filed by Hadelman and Chad Enterprises?
Original Complaint
The requirement in Connecticut is that a complaint be served with a writ of summons. Practice Book § 49; General Statutes § 52-45a. See also Stephenson's Connecticut Civil Procedure, Third Edition sec. 13b. Thereafter the complaint may be amended. In this case, plaintiffs counsel issued two summons. One as to Hadelman made returnable to court on April 29, 1998 and a second as to Chad Enterprises made returnable on September 15, 1998. Thus, the return date of the plaintiffs original complaint against Hadelman is April 28, 1998 and the return date of the plaintiffs original complaint against Chad Enterprises is September 15, 1998. These two dates are the starting points for the application of the 120 day time period to seek apportionment.
Summary Judgment
On September 29, 1998, Hadelman and Chad Enterprises filed a motion for summary judgment. The court (Levin, J.) granted the motion for summary judgment on November 30, 1998. On December 24, 1998, the court (Levin, J.) denied the plaintiffs motion to reargue. Thereafter the plaintiff filed a second motion to reargue. As to that motion, the court (Levin, J.) on December 28, 1998 directed argument to be scheduled. No further action was taken on the matter until May 17, 1999 when the Court (Levin, J.), after reargument, vacated its earlier order and denied the motion for summary judgment.
The import of the above described procedural history is that from November 30, 1998 to May 17, 1999 an order of summary judgment in favor of Hadelman and Chad Enterprises was in effect. CT Page 13025 Hadelman and Chad Enterprises argue that the entry of summary judgment should toll the running of the 120 days allowed for apportionment and that the period from November 30, 1998 to May 17, 1999 should be excluded for purposes of the application of § 52-102b. The plaintiff argues that the period should not be excluded at all or, in the alternative, only the period from the granting of summary judgment to the court's order to schedule reargument should be excluded.
The resolution of this tolling question has no legal significance as to Hadelman. As discussed above, the return date on the plaintiffs original complaint against Hadelman was April 28, 1998. By the time the motion for summary judgment was filed, the 120 period for apportionment had already passed. Thus, even if the period during which summary judgment had entered is excluded, the apportionment complaint is untimely.
The situation is different as to Chad Enterprises because the return date of the plaintiffs original complaint against them is September 15, 1998. If the time period covered by the summary judgment order is excluded, their apportionment complaint is timely.
The court has not discovered, nor have counsel referred the court to any authority on the issue of tolling. Notions of fundamental fairness requires that the time period between the entry of summary judgment and its being vacated be excluded. Once summary judgment entered in favor of the defendants the matter was concluded as to them. Indeed, since the issue of liability had been resolved in their favor, there was no need to "apportion" liability to other parties. The defendants had the right to rely upon a duly issued order of the court granting summary judgment in their favor. To dismiss the apportionment complaint brought by Chad Enterprises would amount to an unjust application of Practice Book Rule 10-30. Our rules should not be applied so as to work injustice. See Practice Book Rule 1-8.
The court therefore concludes that the period during which the summary judgment order was in effect should be excluded from the 120 day time calculations for purpose of the application of § 52-102 (b). With that time excluded, the apportionment complaint brought by Chad Enterprises is timely. Accordingly the motion to dismiss as to Chad Enterprises is denied.
As to Hadelman, the more persuasive authority holds that CT Page 13026 failure to file an apportionment complaint within the 120 day time restriction of § 52-102b deprives the court of subject matter jurisdiction. See Morin v. Cook, 24 Conn. L. Rptr. No. 4, 121 (Superior Court, march 5, 1999) (Sperazza, J.); Bodell v.Schmidt, No. CV 98-0351664s, 1999 WL 68536 (Conn.Super. 1999) Skolnick, J.); Langella v. 6-W2 of Stamford, Inc., No. CV 95-0148891, 1999 WL 61406 (Conn.Super. 1998) (Martin, J.); St. PaulFive and Marine Insurance Co. v. Genessee Management, No. 322290, 1996 WL 368177 (Conn.Super. 1996) (Leheny, J.) Accordingly, since the court finds that Hadelman's apportionment complaint is untimely, the motion to dismiss as to Hadelman is granted.
Conclusion
For the reasons set forth above, the apportionment defendants' motion to dismiss the apportionment complaint filed by Alan Hadelman is granted; the motion to dismiss the apportionment complaint filed by Chad Enterprises, Inc. is denied.
So Ordered at New Haven, Connecticut this 27th day of September, 1999.
Devlin, J.